Juan Carlos CASAS–HERNANDEZ, Petitioner,

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–73560.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 12, 2008.

Jorge I. Rodriguez Choi, Esquire, Law Office of Jorge I. Rodriguez Choi, San Francisco, CA, for Petitioner.

Genevieve Holm, Esquire, Kurt B. Larson, Esquire, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: TASHIMA, SILVERMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Juan Carlos Casas–Hernandez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to re-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

open removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings. *Ram v. INS,* 243 F.3d 510, 516 (9th Cir.2001). We dismiss in part and deny in part the petition for review.

The evidence Casas–Hernandez presented with his motion to reopen concerned the same basic hardship grounds as his application for cancellation of removal. *See Fernandez v. Gonzales,* 439 F.3d 592, 602–03 (9th Cir.2006). We therefore lack jurisdiction to review the BIA's discretionary determination that the evidence was insufficient to establish a prima facie case of hardship. *See id.* at 601 (there is no jurisdiction to revisit the merits if "the BIA determines that a motion to reopen proceedings in which there has already been an unreviewable discretionary determination concerning a statutory prerequisite to relief does not make out a prima facie case for that relief").

Contrary to Casas–Hernandez's contention, the BIA's interpretation of the hardship standard falls within the broad range authorized by the statute. *See Ramirez–Perez v. Ashcroft,* 336 F.3d 1001, 1004 (9th Cir.2003).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**